**IN THE COURT OF APPEALS OF IOWA**

No. 16-1878
Filed January 25, 2017

**IN THE INTEREST OF B.P.,**
Minor Child,

**D.P., Father,**
    Appellant.

_____

Appeal from the Iowa District Court for Clinton County, Phillip J. Tabor, District Associate Judge.

A father appeals the termination of his parental rights. **AFFIRMED.**

Judd J. Parker of Parker Law Office, Clinton, for appellant father.

Thomas J. Miller, Attorney General, and Katherine S. Miller-Todd (until withdrawal) and Mary A. Triick, Assistant Attorneys General, for appellee.

Taryn R. Purcell of Blair & Fitzsimmons, P.C., Dubuque, guardian ad litem and attorney for minor child.

Considered by Vaitheswaran, P.J., and Potterfield and Bower, JJ. Tabor, J., takes no part.

**BOWER, Judge.**

A father appeals the order terminating his parental rights.[1] He claims the evidence was insufficient to support termination, he should have been granted additional time to resume care of the child, and termination is not in the child's best interests. We find the evidence was sufficient to terminate, the juvenile court properly denied additional time, and termination is in the child's best interests. Accordingly, we affirm.

## I.  Background Facts and Proceedings

B.P. was born in May 2015 and removed from his parents' care in December. The Iowa Department of Human Services (DHS) had been providing services to the parents; however, the parents became uncooperative. A couple, not B.P.'s parents, brought B.P. to DHS, stating they were his primary caretakers and the only time his parents had B.P. was when DHS had planned to visit. The couple also reported both parents were active methamphetamine users and the parents had not returned to see B.P. for a month. A Child in Need of Assistance (CINA) proceeding commenced at the end of December.

The father was granted visitation, which he intermittently exercised. It should also be noted that the father signed up for substance-abuse treatment but did not attend the initial appointment. He also missed drug testing, did not follow the parenting plan put forward by DHS, and was hostile to both the foster parents and DHS. In April, a police report indicated domestic violence occurred between the mother and father, but the mother did not pursue charges. While the father stated this was the first such incident, the mother reported abuse had occurred in

---

[1] The mother has withdrawn her appeal.

the past. In May, the father was jailed for violating a no-contact order with the mother.

In August a report was filed stating the father did not have stable housing or work, had not addressed any substance-abuse or mental-health issues since being released from jail, was not attending parenting sessions, and was displaying aggression toward the provider. The termination hearing was held September 20, and October 18, 2016. At the hearing the father testified he was in a relationship with the mother, was employed, had begun substance-abuse treatment, and had scheduled a mental-health evaluation. The father's rights were terminated and he now appeals.

## II. Standard of Review

The scope of review is de novo in termination cases. *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). Clear and convincing evidence is needed to establish the grounds for termination. *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006). Where there is clear and convincing evidence, there is no serious or substantial doubt about the correctness of the conclusion drawn from the evidence. *In re D.D.*, 653 N.W.2d 359, 361 (Iowa 2002). We give weight to the juvenile court's findings of fact, but are not bound by them. *In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000). The highest concern in termination proceedings is the best interests of the child. *In re L.L.*, 459 N.W.2d 489, 493 (Iowa 1990).

## III. Sufficiency of the Evidence

The father claims there was insufficient evidence to support the termination of his parental rights pursuant to Iowa Code section 232.116(1)(h)

and (i) (2015). "On appeal, we may affirm the juvenile court's termination order on any ground that we find supported by clear and convincing evidence." *D.W.*, 791 N.W.2d at 707. In order to terminate parental rights under section 232.116(1)(h), (1) the child must be three years old or younger, (2) the child must have been adjudicated in need of assistance, (3) the child must have been removed from the home for at least six of the last twelve months, or for the last six consecutive months with any period at home being less than thirty days, and (4) the child cannot be returned to the home as provided in section 232.102.

The father claims the child could have been returned to the home at the time of the termination hearing. However, at the time of the termination hearing the father had made little progress in addressing the underlying issues in the case. He had been arrested several times, had been in jail for violating a no-contact order, had only recently obtained a substance-abuse evaluation, had scheduled a mental-health evaluation for two months in the future, and had only attended a small number of the visits with B.P. While the father did make progress in addressing some issues, his efforts "are simply too late." *See C.B.*, 611 N.W.2d at 495. Changes "in the two or three months before the termination hearing, in light of the proceeding . . . months, are insufficient" for us to find real and lasting change has taken place. *See id.*

At the time of the hearing the father lived with the mother in her mother's house. He claims "[the mother] had a sufficient home for B.P. to return to; he had tested clean for illicit drug use, was employed, and was attending the case-plan-required services at the time of the Permanency and Termination of

Parental Rights hearings. B.P. should have been returned to their care at that time . . . ." The claim fails as the father cannot argue facts pertaining to the other parent in an effort to reverse the termination of his own rights. *See In re D.G.*, 704 N.W.2d 454, 460 (Iowa Ct. App. 2005). Therefore, the acceptable housing the mother had at the time of the termination does not mean the child could be returned to the father's home at the time of the termination hearing. We find the juvenile court properly terminated the father's parental rights under section 232.116(1)(h).

### IV. Additional Time

The father also claims the juvenile court improperly denied his request to be given an additional six months to work toward resuming care. Iowa Code section 232.104(2)(b) requires a juvenile court to find the causes of the removal would no longer exist at the end of the extension period in order to grant the extension. Only after being released from jail did the father begin to actively and meaningfully participate in the case plan.

After his release the father became employed (although the juvenile court had some suspicion the hours the father claimed to have worked were not accurate) eventually obtained a substance-abuse evaluation, and scheduled an appointment for a mental-health evaluation. He testified during the termination hearing it would take between three and six months for B.P. to be able to return to his care, as he was currently working to secure an apartment, finish substance abuse treatment, and complete a mental-health evaluation. However, the father still failed to participate in a majority of the visits offered to him. In October, DHS

filed a report expressing concerns the father was behaving aggressively during visits, becoming "hostile," "irate," and "obnoxious" when his demands were not met.

The juvenile court found "all actions of the [father] indicate that additional time will not make it possible for the [child] to be returned to either parent at any time in the near future." We agree. The sudden change in his desire to properly parent, while admirable, is still insufficient to prevent termination. The progress required of the father is outside his ability to make meaningful change.

## V. Best Interests

The father also claims termination is not in the best interests of B.P. After finding a ground for termination exists we are to "consider the factors under section 232.116(2). Section 232.116(2) requires us to give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010) (internal quotation marks and citations omitted).

We find B.P.'s best interests are served by termination. The father has failed to participate in the case plan except for a flurry of efforts in the last weeks before termination. Additionally, the father has failed to attend a large majority of the visits extended to him. He has been arrested, violated a no-contact order, and, as the juvenile court stated, is "unable to handle the responsibility and needs" of B.P. Termination is clearly in the best interests of the child.

## VI.    Exceptions

Finally, the father claims his bond with the child is so strong as to preclude termination.  The juvenile court may decide not to terminate parental rights if any exception set out in Iowa Code section 232.116(3) is shown.  "The court has discretion, based on the unique circumstances of each case and the best interests of the child, whether to apply the factors in this section to save the parent-child relationship."  *In re D.S.,* 806 N.W.2d 458, 475 (Iowa Ct. App. 2011).

The mother testified "[B.P. is] more about his father than he is me."  The care coordinator testified there was a bond between the parents and the children.  There was also testimony by the mother that B.P. cries when visitation is over.  We do note, as discussed above, the father became aggressive and angry at the end of the visits, often demanding back clothes or toys from the foster parents, and so, while termination will cause some emotional distress for B.P., the increased stability in a home equipped and willing to care for him serves his best interest more than the continuing uncertainty of the father's care.

**AFFIRMED.**